IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Cale Johnson Construction, Inc., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mark Bucher and Amy Bucher, | ) | |
| Mark Bucher Revocable Trust Dated | ) | |
| May 18, 2023, Amy Bucher Revocable | ) | |
| Trust Dated May 18, 2023, and Amy | ) | |
| Bucher Tee, | ) | C.A. S24L-01-005 MHC |
| | ) | |
| Defendants/Counterclaim and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cale Johnson and Jordan Williams, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

**OPINION & ORDER**
Submitted: December 20, 2024
Decided: February 27, 2025

Third-Party Defendants' Motion to Dismiss - GRANTED

Victoria K. Petrone, Esquire, Attorney for Plaintiff Cale Johnson Construction, Inc.
Armand J. Della Porta, Jr., Esquire, Attorney for Counterclaim Defendant Cale
Johnson Construction, Inc. and Third-Party Defendants, Cale Johnson and Jordan
Williams
Daniel Griffith, Esquire, Attorney for Defendants/Third-Party Plaintiffs Mark
Bucher and Amy Bucher

**CONNER, J.**

Before the Court is a Motion to Dismiss brought by Third-Party Defendants Cale Johnson and Jordan Williams for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure.

Defendants Mark and Amy Bucher hired Plaintiff Cale Johnson Construction, Inc. to construct a house ("the Property") to be their new fulltime residence ("the Agreement"). Third-Party Defendant Cale Johnson owns Plaintiff company. Third-Party Defendant Jordan Williams is an employee of Plaintiff and is Cale Johnson's son-in-law.

Plaintiff originally filed this action on January 10, 2024, alleging that Plaintiff satisfactorily completed the Agreement and that Defendants improperly withheld partial payment for the Agreement. Thus, Plaintiff placed a mechanic's lien on the Property and are seeking the withheld payment plus costs and interest under three alternative theories of breach of contract, quantum meruit, and/or unjust enrichment.

Defendants claim Plaintiffs exceeded the scope of the Agreement and defectively performed resulting in Plaintiff owing Defendants damages. Defendants assert counterclaims against Plaintiff and Third-Party Defendants for breach of contract, quantum meruit, unjust enrichment, and negligence based on defective performance.[1] Defendants also seek a declaratory judgment against Plaintiff and

---

[1] Third-Party Defendant Jordan Williams is not included in the breach of contract claim.

Third-Party Defendant Cale Johnson alleging: (1) that Defendants have complied with contractual obligations; and (2) that Plaintiff is subject to forfeiture of its business license pursuant to 25 *Del. C.* §2707; and (3) that Defendants are owed a list of all subcontractors involved pursuant to 25 *Del. C.* § 2705.

Third-Party Defendants move to dismiss the claims against them on the grounds that Defendants fail to state a claim that they are liable independent from Plaintiff. Defendants argue that the Third-Party Defendants were acting in their individual capacities while committing the alleged tortious acts.

For the following reasons Third-Party Defendants' Motion to Dismiss is **GRANTED**.

3

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court ". . . (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable."[2]

## ANALYSIS

### I. Tort Claims

Defendants argue that Third-Party Defendants are independently liable for the tortious claims against Plaintiff for negligence, breach of contract, quantum meruit, and unjust enrichment. Defendants claim Third-Party Defendants operated independent from Plaintiff by performing outside the scope of the Agreement and pocketing company funds rather than paying subcontractors. Defendants argue in their opposition to the Motion to Dismiss that "[t]he claims are against Cale Johnson based upon his individual misrepresentations and negligent conduct, not his status as a signatory on Cale Johnson Corporation documents."[3] Third-Party Defendant

---

[2] *State ex rel. Jennings v. BP America, Inc.*, 2024 WL 98888 at *6 (Del. Super. Jan. 9, 2024) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011)).

[3] Third-Party Pls., Mark and Amy Bucher's Opp'n to Third-Party Defs.' Mot. to Dismiss Third-Party Compl. (hereinafter "Answering Br.") at 8.

Williams is not listed as a defendant to the breach of contract, but Defendants still seek recovery from Williams individually on the basis of quantum meruit, unjust enrichment, and negligence.

Simply stated, Defendants' arguments are governed by the doctrines of *respondeat superior* and piercing the corporate veil. Since the company, i.e. Plaintiff, would be responsible for *respondeat superior* claims and the Delaware Superior Court lacks subject matter jurisdiction to pierce the corporate veil, Defendants fail to state a legal claim that this Court can impose individual tort liability on Third-Party Defendants.

Defendants' theories can be summarized as: (i) a negligence claim for performance within the contract; and (ii) contractual and quasicontractual claims against Third-Party Defendants as independent parties to the Agreement; and (iii) "extracontractual" claims under negligence, contractual, and quasicontractual theories against Third-Party Defendants based on their actions which fall outside the scope of the Agreement.

*A. Negligence*

Vicarious liability, as it applies to an employer-employee relationship, arises through the doctrine of *respondeat superior*.[4]  Under the doctrine of *respondeat superior*, an employer is subject to liability for torts committed by employees while acting within the scope of their employment.[5]  If the principal is the master of an agent who is a servant, the fault of the agent, if acting within the scope of employment, will be imputed to the principal by the doctrine of *respondeat superior*.[6]

In Defendants' opposition to this Motion to Dismiss, Defendants state:

[t]he Motion to Dismiss finally claims, without citation to any legal authority and without more than one sentence of argument, that the Third-Party Complaint does not allege an independent duty owed by Cale Johnson beyond his role as agent and president of Cale Johnson Corporation, Inc.  That argument miscomprehends both Delaware law and the plausible factual allegations in the Third-Party Complaint.[7]

However, in Defendants' Counterclaim V, Defendants only allege:

---

[4] *Hall v. Machulski*, 2010 WL 2735748 at *2 (Del. Super. July 12, 2010) (citing *Fisher v. Townsends, Inc.*, 695 A.2d 53 (Del. 1997)).

[5] *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019).

[6] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997); *see also Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1192 (Del. 2015) (finding an employer is not absolved of vicarious liability when it knowingly hires family members with personal motives to act tortiously within the scope of employment).

[7] Answering Br. at 8.

[Second ¶] 12. Counterclaim Defendants owed a duty to the Buchers to perform the construction services on the Property in a timely and workmanlike manner. [Second ¶] 13. Counterclaim Defendants breached their duty and failed to perform the construction services on the Property at a level which meets the applicable standard of care.[8]

The negligence claims against Third-Party Defendants are based on performance of construction services, which is within the scope of their employment as construction workers for Plaintiff construction company. Thus, the negligence claims against Third-Party Defendants fall squarely within the doctrine of *respondeat superior*, and Plaintiff will be held vicariously liable for the alleged actions of Third-Party Defendants for Defendants' negligence claims.

### B. Contractual/Quasi-Contractual Claims

As to the contractual and related quasi-contractual claims, "Delaware law clearly holds that officers of a corporation are not liable on corporate contracts as long as they do not purport to bind themselves individually."[9] Here, while Defendants argue that there is a ". . . fundamental dispute as to whether a contractual relationship existed (let alone the terms of that relationship),"[10] they do not allege

---

[8] Mark and Amy Bucher's Answer to Pl.'s Compl. with Separate Defenses, Countercl. and Third Party Compl. (hereinafter "Answer") at Countercl. Second ¶ 12–13. The pinpoint cite reflects the Answer restarting its paragraph numbering at Counterclaim Count III.

[9] *Ruggiero v. Futuragene, PLC.*, 948 A.2d 1124, 1132 (Del. Ch. 2008) (quoting *Amaysing Tech. Corp. v. CyberAir Commc'ns, Inc.*, 2005 WL 578972 at *3 (Del. Ch. Mar. 3, 2005)).

[10] Answering Br. at 4.

7

anything that the Third-Party Defendants have done that would suggest they bound themselves to the contract in their individual capacities outside the scope of their employment. Defendants argue that since the nature and scope of the contract is undetermined, Third-Party Defendants possibly are parties within their individual capacities. However, their own argument fails to cite how or why Third-Party Defendants bound themselves to the Agreement separate from their obligations as employees of Plaintiff. Defendants clarify that their claims as to Third-Party Defendant Cale Johnson "are based upon his individual misrepresentations and negligent conduct" but then fail to explain how his individual conduct was not in the scope of employment. Defendants further fail to identify any other conduct that could be interpreted as the Third-Party Defendants binding themselves to Plaintiff's contract as independently liable parties.[11] Thus, Defendants fail to state a direct contractual or quasicontractual claim as to Third-Party Defendants within their individually capacity.

### C. "Extracontractual" Claims

Finally, Defendants allege that Third-Party Defendants' actions outside the scope of the Agreement created independent liability for negligence, contractual, and quasi-contractual claims, which Defendants call "extra-contractual" claims.[12]

---

[11] *Id.* at 8.
[12] *Id.* at 8.

8

Under Delaware law, when an employee or officer of a company does not bind himself or herself to a corporate contract individually, "[c]onsequently, a plaintiff who seeks to sue an officer of a corporation must pierce the corporate veil to do so."[13] Piercing the corporate veil asks the court to disregard the corporate boundaries and seek personal liability against individuals where fraud or inequity in the use of the corporate form is found.[14]

The Delaware Court of Chancery has sole subject matter jurisdiction over actions to pierce the corporate veil and therefore, the Delaware Superior Court lacks jurisdiction over such claims.[15] Accordingly, the Delaware Superior Court has previously dismissed for lack of jurisdiction claims alleging that an officer engaged in fraudulent conduct within their individual capacity such that the claim "reads like an improper attempt to pierce the corporate veil."[16]

Again, Defendants argue "[t]he claims are against Cale Johnson based upon his individual misrepresentations. . . , not his status as a signatory on Cale Johnson Corporation documents."[17] The basis of "individual misrepresentations" is fraudulent conduct within Cale Johnson's individual capacity such that the extracontractual claims read like an improper attempt to pierce the corporate veil.

---

[13] *Thomas v. Hobbs*, 2005 WL 1653947 at *2 (Del. Super. Apr. 27, 2005).
[14] *Yu v. GSM Nation, LLC*, 2018 WL 2272708 at *6 (Del. Super. Apr. 24, 2018).
[15] *Yu v. GSM Nation, LLC*, 2018 WL 2272708 at *6 (Del. Super. Apr. 24, 2018).
[16] *See id.* at *13.
[17] Answering Br. at 8.

9

Third-Party Defendant Williams' individual liability, although not specifically argued by Defendants, appears to also be a fraudulent conduct claim based on his individual capacity.[18] Thus, this Court lacks subject matter jurisdiction over the "extracontractual" theory of claims as they are an improper attempt to pierce the corporate veil.

Ultimately, Defendants' direct theories of liability fail to state a claim against Third-Party Defendants in their individual capacities, and this Court lacks subject matter jurisdiction over Defendants' "extracontractual" theory which improperly attempts to pierce the corporate veil. Defendants have failed to state tortious claims as to Third-Party Defendants.

## II. Declaratory Judgment Claims

Third-Party Defendants request this Court to dismiss the declaratory judgment claims against them. Third-Party Defendant Cale Johnson is named as a defendant for Counterclaim Count II. Although neither party provides any argument as to Count II, the Court is compelled to address these claims.

Counterclaim Count II(a) requests a claim for declaratory judgment that Defendants complied with their contractual obligations. Counterclaim Count II(b) asks this Court to revoke Plaintiff's business license pursuant to 25 *Del. C.* §2707.

---

[18] *See generally* Answer; Answering Br.

Counterclaim Count II(c) is essentially a discovery demand for a list of all subcontractors involved pursuant to 25 *Del. C.* § 2705.

### A. Counterclaim Count II(c) misstates an affirmative defense as a cause of action.

The analysis starts with Counterclaim Count II(c) which misconstrues an affirmative defense as a cause of action and thus fails to state a claim. Therefore, Counterclaim Count II(c) must be dismissed as to all parties, including the Plaintiff.

Defendants allege that "25 Del. C. [sic] § 2705 requires [Third-Party Defendant] Cale Johnson and/or [Plaintiff] to furnish to the Buchers upon request a complete and accurate list of all subcontractors on the project."[19] Defendants thereby ". . . seek a judgment declaring that: . . . Cale Johnson and/or [Plaintiff] must furnish to the Buchers a full and complete list of all subcontractors on the project."[20]

Section 2705 of Title 25 reads in full:

> The owner of any structure built, repaired or altered by any contractor or subcontractor may require such contractor or subcontractor from time to time to furnish and submit to the owner complete and accurate list in writing of all persons who have furnished labor or material, or both, in connection therewith, and who may be entitled to avail themselves of the provisions of this chapter. **Should any such contractor or subcontractor fail to furnish such list for 10 days**

---

[19] Answer at Countercl. ¶ 45.
[20] *Id.* at Counterclaim II(c) prayer for relief.

**after demand made therefor by such owner, the contractor or subcontractor shall be entitled to receive no further payments from the owner until such list be furnished and shall not be entitled to avail himself or herself of any of the provisions of [the mechanic's lien statute].**[21]

Section 2705 is an affirmative defense to a mechanic's lien, where a contractor's failure to provide such list within ten days of a homeowner's request bars the contractor from asserting the lien.[22] The purpose of 25 *Del. C.* § 2705 is to permit an owner to learn the identity of the persons who may obtain mechanic's liens on the owner's property, and a noncompliant contractor is prevented from invoking provisions of the mechanic's lien statute.[23] The statute does not apply when no mechanic's lien has been filed.[24]

Defendants claim that 25 *Del. C.* § 2705 requires Plaintiff or Third-Party Defendant Cale Johnson to provide a list of all subcontractors. However, a plain reading of 25 *Del. C.* § 2705 does not provide a statutory right for the Defendants to obtain such a list if not provided. Thus, Counterclaim Count II(c) fails to state a claim against not only Third-Party Defendants but also the Plaintiff.

---

[21] 25 *Del. C.* § 2705 (emphasis added).
[22] *See e.g.*, *Foraker v. Voshell*, 2022 WL 2452396 at *7 (Del. Super. July 1, 2022).
[23] *Carey v. Estate of Myers*, 2015 WL 4087056 at *20 (Del. Super. July 1, 2015) (quoting *Rockland Builders, Inc, v. Endowment Mgmt., LLC*, 2006 WL 2053418 at *3 (Del. Super. July 10, 2006)).
[24] *See id.*

12

It is also important to note that although 25 *Del. C.* § 2705 does not create a cause of action, this information is still discoverable in the underlying breach of contract claim and counterclaim between Plaintiff and Defendants.

*B. Cale Johnson is not a necessary party to Counterclaims Counts II(a–b).*

Counterclaim Count II(a) seeks a declaratory judgment that Defendants have complied with their contractual obligations, listing both Plaintiff and Third-Party Defendant Cale Johnson in the claim. Counterclaim Count II(b) asks this Court to revoke Plaintiff's business license pursuant to 25 *Del. C.* §2707.

Section 6511 of Title 10 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ."[25] However, Delaware allows an action to continue if an absent party's alleged interest is fully represented in the lawsuit.[26] "Delaware courts will also not issue declaratory relief when it can have no practical effect on the injury complained of."[27] The Delaware Superior Court has previously rejected dismissal of a declaratory judgment based on the same claims asserted elsewhere on the grounds of duplicity or overripeness, noting that ". . . the Court can deal with all

---

[25] 10 *Del. C.* § 6511.
[26] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409 at *14 (Del. Ch. July 14, 2008) (citing *Moran v. Household Int'l, Inc.*, 490 A.2d 1059, 1073 (Del. Ch. 1985)).
[27] *In re COVID-Related Restrictions on Religious Servs.*, 302 A.3d 464, 493 (Del. Super. 2023) (citing *Intermec IP Corp. v. TransCore, LP*, 2021 WL 4841131 (Del. Super. Oct. 18, 2021)).

related issues at trial without any additional burden."[28]  If, somehow, it could be construed that 25 *Del. C.* § 2705 provides a basis to pierce the corporate veil,  again, this Court lacks jurisdiction on such claims.

Counterclaim Count II(a) may be viable against Plaintiff if it is not duplicative of the competing breach of contract claims and it would not burden court resources. However, there is no practical effect to keeping Third-Party Defendant Cale Johnson as a separate party for Counterclaims Counts II(a) and II(b) when these claims still stand against Plaintiff.  Even if he were a necessary party, his interests would be adequately represented by the Plaintiff since he owns the Plaintiff company.

## CONCLUSION

Defendants' tortious claims against Third-Party Defendants are governed by the doctrines of: (1) *respondeat superior* under which they are not independently liable from Plaintiff; and (2) piercing the corporate veil, which the Superior Court lacks jurisdiction.   Additionally, Defendants' Counterclaim Count II(c) misconstrues an affirmative defense as a cause of action and is **DISMISSED** *sua sponte* as to both Plaintiff and Third Party Defendants. Finally, Third-Party Defendant Cale Johnson is not a necessary party to the declaratory judgments sought

---

[28] *JanCo FS 2, LLC v. ISS Facility Servs., Inc.*, 2024 WL 4002825 at *18 (Del. Super. Aug. 30, 2024).

14

in Counterclaims Counts II(a) and II(b).  Therefore, Third-Party Defendants' Motion to Dismiss is **GRANTED**.

       **IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

xc:  Prothonotary